## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

CHARLES CHRISTOPHER HEAD,   *

Petitioner   *

v   *   Civil Action No. CCB-20-2804

WARDEN,   *

Respondent   *

   ***

### <u>MEMORANDUM OPINION</u>

  Charles Christopher Head, an inmate at the Federal Correctional Institution in Cumberland, Maryland ("FCI Cumberland"), filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, asserting that prison staff retaliated against him for exercising his First Amendment rights and denied him due process in violation of the Fifth Amendment, leading to sanctions within the Federal Bureau of Prisons ("BOP"). ECF No. 1. As relief, he seeks expungement of the guilty finding for violation of BOP policy, as well as an injunction prohibiting the BOP staff from further retaliatory acts. *Id.* at 7.

  On November 9, 2020, respondent filed a Motion to Dismiss the Petition, or in the alternative, Motion for Summary Judgment. ECF No. 5. Head did not respond. Having reviewed the submitted materials, the court finds that a hearing is not necessary. *See* Local R. 105.6 (D. Md. 2018). For the reasons set forth below, the Petition will be DENIED and DISMISSED.

### Background

  At approximately 9 a.m. on June 19, 2020, Officer M. Shillingburg was performing a search of Head's cell when he found documents belonging to approximately 20 inmates in the desk drawer. Incident Report, ECF No. 5-2 at 9. Officer Shillingburg secured the legal paperwork and notified the operations lieutenant. *Id.* At approximately 2:33 p.m., Lt. Daugherty initiated an

investigation, at which time he advised Head of his rights. *Id.* at 11. Lt. Daugherty noted that Head acknowledged his rights, received a copy of the incident report, declined to make a statement, and displayed a "fair attitude." *Id.*

On June 25, 2020, the Unit Discipline Committee ("UDC") conducted a hearing, where Head was found guilty of Code 305, possession of anything unauthorized. *Id.* at 9. As a result, Head was sanctioned to a loss of email for 60 days and custody level points. *Id.*

Head claims that he appealed the UDC decision to the Warden of FCI Cumberland on July 1, 2020, but the appeal was either ignored or destroyed by prison staff. Petition, ECF No. 1 at 2; Decl. of Head, ECF No. 1-2 at 5. According to respondent, Head has filed three requests for administrative remedy while in BOP custody, dated December 31, 2019, May 15, 2020, and June 7, 2020. Administrative Remedies, ECF No. 5-2 at 6-7. None of those three requests relate to Head's UDC hearing and subsequent sanctions. *See id.*

On September 20, 2020, Head filed the instant Petition alleging a retaliatory search of his cell, the wrongful confiscation of legal documents, and challenging his UDC hearing which resulted in the loss of email privileges and custody level points. ECF No. 1. Thereafter, respondent filed a motion to dismiss, or in the alternative for summary judgment. ECF No. 5.

## Standard of Review

A motion styled as one to dismiss or in the alternative for summary judgment implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *Sager v. House Comm'n*, 855 F. Supp. 2d 524, 542 (D. Md. 2012). Rule 12(d) provides that if matters outside the pleadings are presented to the court, a motion "must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Conversion of a motion to dismiss to one for summary judgment under

Rule 12(d) is permissible where plaintiff has "actual notice" that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Id.* at 261.

Summary judgment is generally inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2011). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To raise adequately the issue that discovery is needed, the nonmovant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.*

(quoting *Henry v. Purnell,* 652 F.3d 524, 548 (4th Cir. 2011)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

### Discussion

Here, respondent filed a motion titled as a motion to dismiss or for summary judgment along with documents in support. Thus, Head was on notice that the court could treat the motion as one for summary judgment and rule on that basis, yet he did not respond. The court will therefore construe respondent's motion as one for summary judgment.

In its motion, respondent argues that: (1) Head failed to exhaust his administrative remedies; (2) the evidence supports the decision of the UDC; (3) Head's claim is not cognizable under § 2241; (4) Head has not alleged a violation of due process; and (5) Head has failed to show how respondent's actions rise to the level of a constitutional violation. The court agrees that Head failed to exhaust his administrative remedies and will dismiss the petition on those grounds "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions" and failure to exhaust may be excused only "upon a showing of cause and prejudice." *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004); *see also Carmona v. U.S. Bureau of Prisons*, 243

F.3d 629, 634 (2d Cir. 2001).

Judicial enforcement of an exhaustion requirement "gives prisoners an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors." *Woodford v. Ngo*, 548 U.S. 81, 94 (2006). As such, the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Booth v. Churner*, 532 U.S. 731, 740-41 (2001).

To seek relief in the BOP Administrative Remedy Program, an inmate must first file an informal resolution and a formal written Administrative Remedy Request (Form BP-9) with their institution within 20 days of the alleged incident. *See* 28 C.F.R. § 542.14(a). Using a Form BP-10, the inmate may appeal an unsatisfactory response from the Warden to the appropriate Regional Director within 20 days. 28 C.F.R. § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an Appeal on a Form BP-11 to the General Counsel within 30 calendar days of the date the Regional Director signed the response. *Id.* An appeal to the BOP General Counsel is the final administrative step. *Id.* An inmate is not deemed to have exhausted his administrative remedies until he has pursued his grievance through all levels. *See id.*; *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

Here, Head avers that he appealed from the UDC decision and that it is his "suspicion" that prison staff ignored or destroyed his appeal documents. ECF No. 1-2 at ¶ 16. However, there is no evidence to indicate that any appeal regarding this matter was received. *See Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 134-35 (4th Cir. 2002) (affidavits containing "no more than subjective beliefs" are, without more, "insufficient to create a genuine issue of material fact[.]"). Rather, the

record reflects that Head was able to, and did, file other requests for administrative remedies. Head was given notice of the filing of this motion and his right to present affidavits or other evidentiary material in response but he did not do so. ECF No. 6. Because Head failed to exhaust his administrative remedies by presenting his grievance to all levels prior to filing the instant Petition, this civil action must be dismissed.

### Conclusion

For the foregoing reasons, the Petition for Writ of Habeas Corpus is DENIED and DISMISSED and the respondent's motion to dismiss or in the alternative for summary judgment is GRANTED. A separate Order follows.


___May 27, 2021____                                _____/S/_____
Date                                               Catherine C. Blake
                                                   United States District Judge